UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MYRON WILLIAMS, et al.,<br><br>Defendants. | No. 23-cr-01019 (MEF)<br><br>ORDER |

The motion for a stay pending appeal, at ECF 399, may be moot in light of the Court of Appeals' order of yesterday.

To the extent the motion is not moot, it is denied. Among other things, there is a low likelihood of success on the merits of the stay motion.

The Court adjourned the upcoming trial to afford more time to prepare, though not as much time as the moving Defendant wanted. Some of the bases for the Court's decision were described on the record yesterday when the decision was made. Others were alluded to in the United States' filing of today. Those will not be summarized here or restated. But the Court notes a few brief points.

The Court has closely reviewed the report provided by the United States and has heard, and credits, the United States' proffer as to previously-produced cell-site related information in this case, and as to its previous interactions on this particular issue with defense counsel.

The scope of the United States' cell-site report is narrow. It involves a modest number of phones, and, more importantly, zeroes-in on a very highly truncated time period and also a small physical area. And what almost surely is the important part of the report --- the depiction of certain phones not as they stay still, but as they move --- is itself a small fraction of the report. (The Court's knowledge of the underlying issues in this case, and which ones will matter at jury selection and trial, is based, among other things, on: a suppression hearing at which testimony was taken as

to some of the relevant movements; a review of two lengthy United States-prepared narrative descriptions of the record in this case; and a review of the discovery materials here, including guides to the discovery, which the Court has required to be filed on the public docket.)

An energized defense expert --- and that is what counsel to Mr. Kelley has proffered the defense expert will be --- can easily produce a thorough, top-shelf analysis in a small fraction of the available time.

And all the more so given the relief provided by the Court from any need by the defense expert to prepare a written report. And all the more so given the trial adjournment, which leaves counsel (whose calendars were blocked for trial and who therefore can be expected to have a good deal of free time) with ample time to work with the expert --- and also to assess his conclusions as they develop in real-time, and to timely adjust and re-adjust their strategy for both jury selection and trial in light of the expert's work.

The Court's conclusion here is based, in part, on more than a decade's worth of close familiarity with the information on which a cell-site analysis is conducted, and the methods used to prepare such an analysis, including testimony as to such matters at an earlier 2024 trial (United States v. Healy) at which the United States' proposed expert testified.

Moreover, the Court's conclusion here is based on a firm sense that members of the criminal defense bar of this Court, especially ones as experienced, skilled, and energetic as the defense lawyers here, either have prior experience with such issues or, if they do not, can very quickly get up to speed --- especially given that the United States' proposed expert has testified scores of times as to cell-site matters at criminal trials.

More generally, experience teaches (and the report confirms) that the methods of cell-site analysis are not obscure in any way. They are deeply-established, and they are neither especially technical nor especially complex. There are, to be sure, occasional exceptions. And that is why the Court did not ask to hear from defense counsel as to an adjournment until after they had had a number of days to review the expert report supplied by the United States. There has been no meaningful suggestion forthcoming that the cell-site work here will be unusually vexing or problematic or novel.

The Court has, in short, made a close-to-the-ground and case-

2

specific finding as to how much time is required. The Defendant is not likely to succeed on the merits of its challenge to that determination.

And that conclusion is only strengthened by the fact that the Court made clear in its ruling that the moving Defendant could again seek an adjournment if, as things developed with the defense expert, it comes to appear that added time is necessary.

The motion for a stay, to the extent it is not moot, is denied.

Two final points.

First, the Court will immediately review any requests for additional resources that the defendants might make. To facilitate such speedy review, the defendants may make use of the courtroom deputy's email address.

Second, the United States shall immediately provide, on request by the defendants, any specifically-identified federal trial transcripts of its proposed expert's testimony, to the extent those transcripts are readily available to the United States Attorney's Office; if the defendants seek more than ten federal trial transcripts, the United States may seek relief from this order.

IT IS on this 29th day of October, 2024, so **ORDERED**.

Michael E. Farbiarz, U.S.D.J.

3